IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Cynthia Lippitz, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.  1:19-cv-3571 |
| Virtuoso Sourcing Group, LLC, a Colorado limited liability company, | ) ) ) ) |
| Defendant. | ) <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Cynthia Lippitz, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Cynthia Lippitz ("Lippitz"), is a citizen of the State of Indiana, residing in the Southern District of Indiana from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Indianapolis Power and Light Company for her residence.

4. Defendant, Virtuoso Sourcing Group, LLC ("Virtuoso"), is a Colorado limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts that it did not originate, in the State of Indiana. In fact, Virtuoso was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Virtuoso is authorized to conduct business in the State of Indiana and maintains a registered agent within the State of Indiana, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Indiana.

6. Defendant Virtuoso is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. On July 2, 2019, Ms. Lippitz filed a Chapter 7 bankruptcy petition in a matter styled In re: Lippitz, S.D. Ind. Bankr. No. 19-04895-JMC-7. Among the debts included in Ms. Lippitz's bankruptcy was a debt that she allegedly owed to Indianapolis Power and Light Company ("IPL"), see, excerpt of Schedule E/F, attached as Exhibit C.

8. Accordingly, on July 4, 2019, IPL was sent, via electronic transmission, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit D.

9. Plaintiff's bankruptcy is a matter of public record, is in the files of the

Creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

10. Nonetheless, Defendant Virtuoso sent a collection letter, dated July 29, 2019, directly to Ms. Lippitz, demanding payment of the IPL debt she allegedly owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit E.

11. Defendant's violations of the FDCPA were material because Defendant's collection demand to Ms. Lippitz, after she has filed bankruptcy, made her believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA. Moreover, this collection demand alarmed and worried Ms. Lippitz.

12. All of Defendant Virtuoso's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Included In A Bankruptcy

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

3

16. Demanding payment of a debt that is subject to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, <u>see</u>, <u>Randolph v. IMBS, Inc.</u>, 368 F.3d 726, 728-730 (7th Cir. 2004).

17. Defendant Virtuoso's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, <u>see</u>, 15 U.S.C. § 1692c(c).

20. Here, the bankruptcy and the notice issued by that court (Exhibit <u>D</u>) provided notice to cease communications and cease collections. By communicating regarding this debt and demanding payment (Exhibit <u>E</u>), Defendant violated § 1692c(c) of the FDCPA.

21. Defendant Virtuoso's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Cynthia Lippitz, prays that this Court:

1. Find that Defendant Virtuoso's debt collection actions violated the FDCPA;

  2.  Enter judgment in favor of Plaintiff Lippitz, and against Defendant, for actual and statutory damages;

  3.  Award Plaintiff her costs and reasonable attorneys' fees; and,

  4.  Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Cynthia Lippitz, demands trial by jury.

            Cynthia Lippitz,

            By:/s/ David J. Philipps___
            One of Plaintiff's Attorneys

Dated: August 22, 2019

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com